IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,269-01






EX PARTE ROBERT L. ZAMORA, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 00-CR-951-G IN THE 404th DISTRICT COURT


FROM CAMERON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to three years' imprisonment. He did not appeal his conviction.

 Applicant contends that he has been improperly denied time credit for a period he spent on
release to parole, and for a period he spent in an Intermediate Sanctions Facility pursuant to a parole
revocation arrest warrant. 

 The trial court has entered an order designating issues requesting affidavits from both prison
and parole officials addressing the applicant's claims. However, after the order was entered, it
appears that the application was then forwarded to this Court prematurely. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall obtain
affidavits from both prison and parole addressing the validity of Applicant's claims. In addition, the
trial court may also use other means as set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether applicant is being improperly denied
time credit. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 30, 2006

Do not publish